THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN PIERSON, | CASE NO. C19-0289-JCC |
| Plaintiff, | ORDER |
| v. | |
| HUDSON INSURANCE COMPANY, a New York Corporation, *et al.*, | |
| Defendant. | |

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 31). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I. **BACKGROUND**

On January 21, 2015, Plaintiff was pulled over and arrested by a Swinomish police officer while driving on tribal land. (Dkt. No. 2 at 19–20.) Swinomish police officers subsequently seized Plaintiff's pickup truck because it had been used to transport illegal narcotics onto tribal land. (*Id.* at 20.) Officer Thorne, a Swinomish police officer, told Plaintiff that she would be unable to retrieve her pickup because the department was procuring a search warrant for the vehicle and the tribe was initiating forfeiture proceedings. (*Id.*) Plaintiff failed to challenge the tribe's forfeiture proceedings in tribal court and subsequently brought suit against

Officer Thorne in Skagit County Superior Court, seeking an injunction and damages under 42 U.S.C. § 1983. *See Pearson v. Thorne*,[1] Case No. C15-0731-JCC, Dkt. No. 2-1 (W.D. Wash. 2015). The case was later removed to this Court. *Id.*, Dkt. No. 1. Thorne filed a motion for summary judgment in March 2016, which was granted by this Court in June 2016. *Id.*, Dkt. Nos. 24, 33. This Court dismissed Plaintiff's complaint against Thorne because (1) Officer Thorne enjoyed sovereign immunity, (2) Officer Thorne was not an appropriate defendant under § 1983 because he was not acting under the color of state law, and (3) Plaintiff failed to exhaust her tribal remedies. *Id.*, Dkt. No. 33 at 6–8. Plaintiff attempted to challenge Officer Thorne's assertion of sovereign immunity in that suit, alleging that it was contrary to Washington Revised Code Section 10.92, a Washington state law that requires that insurance companies insuring tribes waive sovereign immunity in relevant insurance policies. *See id.*, Dkt. No. 32 at 2–3. No insurance companies were named as defendants in the prior lawsuit.

Plaintiff brought this suit in February 2019, alleging that (1) Hudson's insurance contract was implicitly amended by 25 USC § 5321(c)(3)(A) to contain a waiver of sovereign immunity, it breached that contract by asserting sovereign immunity, and Plaintiff is the intended third-party beneficiary to that contract, and (2) Hudson is liable to Plaintiff for its violation of 25 U.S.C. § 5321(c)(3)(A). (Dkt. No. 1 at 10–12.) Plaintiff also asserts that her rights were violated under 42 U.S.C. §§ 1981, 1982, 1983, 1984, 1985, and 1988. (*Id.* at 13–14.)

## II. DISCUSSION

### A. Standard of Review

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its

---

[1] In her complaint, Plaintiff refers to her first case as *Pierson v. Thorne* rather than *Pearson v. Thorne*. Plaintiff states her name was spelled incorrectly in the first lawsuit. (Dkt. No. 1 at 5.) For purposes of this order, the Court refers to the first case by its official name—*Pearson v. Thorne*.

face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The plaintiff is obligated to provide grounds for her entitlement to relief that amount to more than labels and conclusions or formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A dismissal under Federal Rule of Civil Procedure 12(b)(6) "can [also] be based on the lack of a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

**B.  Collateral Estoppel**

When a federal court sits in diversity jurisdiction, the court must apply the state's law of collateral estoppel. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). Under Washington law, collateral estoppel applies where: "(1) the issue in the earlier proceeding is identical to the issue in the later proceeding, (2) the earlier proceeding ended with a final judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party, or in privity with a party, to the earlier proceeding, and (4) applying collateral estoppel would not be an injustice." *Schibel v. Eyemann*, 399 P.3d 1129, 1132 (Wash. 2017).

   1.  <u>Identical Issues</u>

The purpose of collateral estoppel is not "to deny a litigant his day in court," but to "prevent retrial of one or more of the crucial issues or determinative facts determined in previous litigation." *Luisi Truck Lines, Inc. v. Wash. Utils. and Transp. Comm'n*, 435 P.2d 654, 659 (Wash. 1967). If a new argument is raised in the second action regarding something already

litigated in the first action, "the prior determination of the issue is conclusive" even if the "argument relevant to the issue was not in fact expressly pleaded." 18 Moore's Federal Practice § 132.02(2)(c); *see also Paulo v. Holder*, 669 F.3d 911, 917–18 ("The fact that a particular argument against [a particular issue] was not made . . . and not addressed . . . does not mean that the issue . . . was not decided.").

In *Pearson v. Thorne*, Plaintiff argued that Thorne could not assert sovereign immunity under RCW 10.92, which requires insurance companies to waive tribal sovereign immunity for their insureds. *Pearson*, Case No. C15-0731-JCC, Dkt. No. 32 at 2–3. Now, Plaintiff asserts that Thorne should not have been protected by sovereign immunity because of 25 U.S.C. § 5321—a statute bearing a strong resemblance to RCW 10.92. (Dkt. No. 1 at 9.) Specifically, § 5321(c)(3)(A), provides that an insurance company insuring a tribe must include a provision within the policy that "waive[s] any right it may have to raise as a defense the sovereign immunity of an Indian tribe from suit" to the extent of the coverage. Although Plaintiff raises a new argument in support of her assertion, she is litigating the same issue—namely, whether Thorne should have been protected by sovereign immunity in the original lawsuit.

### 2. Final Judgment on the Merits

"[A] grant of summary judgment constitutes a final judgment on the merits and has the same preclusive effect as a full trial of the issue." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Nw. Youth Servs.*, 983 P.2d 1144, 1148 (Wash. Ct. App. 1999). The previous lawsuit, *Pearson v. Thorne*, was decided on summary judgment on the merits.

### 3. Same Party

Both parties to the lawsuit do not have to be the same for collateral estoppel to apply—rather, only the party against whom collateral estoppel is asserted must be the same. *See Schibel*, 399 P.3d at 1132. Pierson was the Plaintiff in the prior lawsuit and is the party against whom collateral estoppel is being asserted in this case. *Compare Pearson*, Case No. C15-0731-JCC, Dkt. No. 1 *with* (Dkt. No. 1.) Therefore, this element is satisfied.

4. <u>Injustice</u>

If the application of estoppel would be unjust under the circumstances, preclusion need not apply. This element of collateral estoppel is generally concerned with procedural unfairness. *Christensen v. Grant Cty. Hosp. Dist. No. 1*, 96 P.3d 957, 962 (Wash. 2004). In determining whether collateral estoppel applies, "whether the decision in the earlier proceeding was substantively correct is generally not a relevant consideration in determining whether application of collateral estoppel would work an injustice." *Id.* at 966.

In this case, there is nothing to suggest that the previous litigation was procedurally unfair. Plaintiff argues that estoppel would work an injustice on her because (1) Plaintiff had a right to pursue her tort claim without the defense of sovereignty, (2) Hudson would benefit from its violation of § 5321(c)(3)(A), and (3) applying collateral estoppel would undermine the enforcement of federal law. (Dkt. No. 32 at 11.) But these considerations are improper in collateral estoppel analysis. This Court cannot pass judgment on whether sovereign immunity was properly asserted in the previous action. Rather, the relevant consideration is whether Plaintiff received a "full and fair" opportunity to be heard. *Schibel*, 399 P.3d at 1134. Plaintiff's failure to raise § 5321(c)(3)(A) in the prior lawsuit is not a sufficient reason to overcome collateral estoppel because Plaintiff had a full and fair opportunity to dispute sovereign immunity in the prior litigation.

Sovereign immunity is essential to Plaintiff's § 5321 claim, therefore Plaintiff is collaterally estopped from bringing her claims under § 5321 in this case. Likewise, sovereign immunity is essential to Plaintiff's § 1983 claim, which was explicitly decided in Plaintiff's previous lawsuit. Therefore, Plaintiff's claim under § 1983 is also barred by collateral estoppel.

**C.    Statute of Limitations**

"Because the federal civil rights statutes lack statutes of limitations of their own, the U.S. Supreme Court has directed the lower federal courts in such cases to apply the general state law limitations period for personal injury claims." *Cloud ex rel. Cloud v. Summers*, 991 P.2d 1169,

1173 (Wash. Ct. App. 1999). Washington has a personal injury statute of limitations of three years. Wash Rev. Code § 4.16.080.

Defendants argue that the statute of limitations on Plaintiff's civil rights claims began to run on May 20, 2015, the day Officer Thorne filed his answer in *Pearson v. Thorne* asserting sovereign immunity. (Dkt. No. 31 at 13–14.) Plaintiff does not dispute Defendants' claim that the statute of limitations has run on Plaintiff's civil rights claims. (*Id.* at 12.) Nor does Plaintiff state exactly how or why she is entitled to relief from Defendant under these provisions. Plaintiff's claims under 42 U.S.C. §§ 1981, 1982, 1983, 1984, 1985, and 1988 are thus time-barred. *See* Wash. Rev. Code § 4.16.080.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 31) is GRANTED and the case is DISMISSED with prejudice. The Court hereby STRIKES Plaintiff's motion to compel (Dkt. No. 34) and Defendants' motion to stay (Dkt. No. 38) and DIRECTS the Clerk to close the case.

DATED this 6th day of February 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE